STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE

v.

MICHELLE GADSON

       Defendant

and

STATE OF MAINE

v.

ISAIAH GADSON

      Defendant

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-16-3882
          CR-16-3884

ORDER ON MOTIONS TO
DISMISS

REC'D CUMB CLERKS OFC
MAY 17 '17 PM3:02

Before the court are defendants' motions to dismiss the complaints against them because of alleged police misconduct. Hearing was held on March 16, 2017. Briefs were filed on April 3, 2017. The court has considered the evidence and arguments of counsel. For the following reasons, the motions are denied.

FACTS

Brent Abbott has been employed by the Portland Police Department for more than five years. On July 4, 2016, he responded before 9:00 p.m. to a report of an assault on a security guard at Bayside Village, a large apartment complex in Portland. He had also been instructed to "criminal trespass" defendant Michelle Gadson, and had told her to leave the premises.

Officer Abbott was watching security video footage with two other security officers behind the counter in the lobby of Bayside Village. Defendant Isaiah Gadson, who lived at Bayside Village, entered the lobby. Mr. Gadson is nineteen years old, is 6'5", weighs 250

1

pounds, and works in the Old Port as a bouncer. He expected to meet his mother, Ms. Gadson, at Bayside Village after the fireworks that evening.

There were four people and the officers in the lobby at Bayside Village. (St.'s Ex. 14.) Mr. Gadson walked into the lobby quickly and stopped at the counter. His arms were raised, consistent with making an inquiry. (St.'s Ex. 14.) He asked who had criminal trespassed his mother.

Officer Abbott immediately walked around the counter and approached Mr. Gadson, who did not move and who had his arms pointed down in front of him. (St.'s Ex. 14.) Officer Abbott pushed Mr. Gadson with both hands, pointed to the door, and told Mr. Gadson to leave. (St.'s Ex. 14.) Officer Abbott continued to speak to Mr. Gadson, who did not move and kept his arms down in front of him. (St.'s Ex. 14.) Officer Abbott was saying, "go." (St.'s Ex. 14.) Mr. Gadson responded that he lived there and did not have to leave.

Officer Abbott then pulled his taser, pointed it directly in Mr. Gadson's face, and "dotted his forehead." (St.'s Ex. 14.) Mr. Gadson reacted and stepped back but remained standing where he was with his arms down in front of him. (St.'s Ex. 14.) Officer Abbott raised the taser again and continued to point to the door and to order Mr. Gadson to leave. (St.'s Ex. 14.) Officer Abbott then looked away from Mr. Gadson and spoke on his radio. (St.'s Ex. 14.) Mr. Gadson turned and walked toward the door. Officer Abbott shoved the taser into Mr. Gadson's back and kept the taser pointed at Mr. Gadson's back as Officer Abbott followed Mr. Gadson to the door. (St.'s Ex. 14.) Officer Abbott pushed Mr. Gadson out of the lobby toward the outside and followed him with the taser still in Officer Abbott's hand. (St.'s Ex. 14.) Mr. Gadson did not use force. (St.'s Ex. 14.) At this point, Mr. Gadson had not committed a crime.

2

Outside, five people and another officer were present initially but those numbers increased. (St.'s Ex. 14.) Officer Abbott continued to speak in an aggressive manner to Mr. Gadson. (St.'s Ex. 14.) Mr. Gadson's brother stepped toward Mr. Gadson and Office Abbott, and the brother extended his arm between the two. (St.'s Ex. 14.) Mr. Gadson continued to stand with his arms down in front of him. (St.'s Ex. 14.) Officer Abbott moved closer to Mr. Gadson, who backed up, and his brother moved his body between Officer Abbott and Mr. Gadson. (St.'s Ex. 14.) Mr. Gadson backed up again as Officer Abbott approached. (St.'s Ex. 14.)

Officer Abbott then walked off the porch and shoved with both hands another spectator who was speaking but not acting aggressively. (St.'s Ex. 14.) Officer Abbott then engaged in a conversation with that person and approached the person closely. (St.'s Ex. 14.) The other officers stood by. (St.'s Ex. 14.) The potential for this situation to deteriorate was great.

Officer Bennis, a Portland Police Department officer of thirteen years, was dispatched to Bayside Village as additional back up. Officer Bennis was concerned about the crowd, which remained excited because of the previous incident, and tried to contain the crowd.

Officer Bennis called for additional police back up. Members of the crowd were yelling and there was significant commotion. (Defs.' Ex. 1.) Sergeant Noyes arrived at Bayside Village at 9:06 p.m. in response to the call for additional help, and spoke to Ms. Gadson. She was standing in the road because she was not allowed on the property. Sergeant Noyes asked her to step out of the road because traffic was passing very close to her. (Defs.' Ex. 1.) She continued filming the scene. (Defs.' Ex. 1.) Officer Bennis asked her again to move and told her she was obstructing a public way. She did not move, ignored Officer Bennis's requests, and continued filming. (Def.'s Ex. 1.)

3

Sergeant Noyes placed Ms. Gadson's arm behind her back to arrest her and tried to put handcuffs on her. Members of the crowd, including Mr. Gadson, moved quickly toward Sergeant Noyes and Ms. Gadson. Mr. Gadson yelled, "do not touch my mother."

The ensuing events are difficult to identify on the video, the beginning of which the court has viewed many times, partly because a car passed between the camera and the scene at a critical time. (Defs.' Ex. 1, Stream 1.) At least three civilians were between Mr. Gadson, Sergeant Noyes and Ms. Gadson as the civilians approached Sergeant Noyes and Ms. Gadson. It does not appear that another officer was between Sergeant Noyes, Ms. Gadson, and the approaching crowd. (Defs.' Ex. 1.)

Three officers followed Mr. Gadson as he approached Ms. Gadson. Mr. Gadson was facing toward Ms. Gadson. He was taken down from behind to prevent him from reaching Sergeant Noyes and Ms. Gadson. Two other officers ran to the scene of the struggle. (Defs.' Ex. 1.)

Officer Matt Pavlis, who is 5'9" and weighs 180 pounds, arrived at 9:05 p.m. in response to the call for additional backup. Based on the testimony, there is no dispute that Mr. Gadson and Officer Pavlis were primarily involved in the altercation. Mr. Gadson was beneath Officer Pavlis. Mr. Gadson's arms were flailing as he tried to punch Officer Pavlis. Officer Pavlis punched Mr. Gadson seven or eight times in his side.

During the altercation, Ms. Gadson attempted to walk toward her son. Portland Police Department Officer Graham Hults, Sergeant Noyes, and Lieutenant Hutcheson stepped in front of her at various times.

4

Officer Abbott grabbed his baton and pushed it multiple times into the back of Mr. Gadson's leg. Sergeant Noyes yelled "spray" one or two times and then used pepper spray on Mr. Gadson. Mr. Gadson stopped resisting and was handcuffed.

The officers poured water on Mr. Gadson's eyes and contacted Med Cue. (St.'s Exs. 10-12.) Paramedics arrived at the scene and evaluated Mr. Gadson. There was no visible injury to him except for the effect of the spray. Mr. Gadson reported to Med Cue that his back was injured. Officer Pavlis sustained scratches and abrasions to his hands, arms, face, and neck and a bite mark on his hand, which he believed was caused by Mr. Gadson. (St.'s Exs. 1-9.)

Mr. Gadson was arrested and charged with assault on an officer, refusing to submit to arrest, and carrying a concealed weapon. Officer Bennis conducted a search incident to arrest of Mr. Gadson and found a switchblade in his front pants pocket. Mr. Gadson was taken to the jail. He did not request treatment at the jail. He posted bail immediately.

Ms. Gadson was arrested by Lieutenant Hutcheson, a twenty-eight-year veteran of the Portland Police Department, with assistance from Sergeant Noyes and charged with obstructing a public way, obstructing government administration, and disorderly conduct. (St.'s Ex. 13.) She was placed against a vehicle and each officer took one of her arms and applied the handcuffs. (Def.'s Ex. 1.)

Lieutenant Hutcheson picked up Ms. Gadson's phone from the ground and gave it to Officer Abbott. Ms. Gadson and her phone, with which she videotaped what had occurred, were taken to the jail by Officer Abbott. She declined Officer Titcomb's request to allow the footage to be downloaded. The phone was taken from Ms. Gadson because she was not allowed to have a phone at the jail.

5

CONCLUSIONS

In situations where the conduct of law enforcement agents is outrageous, due process principles absolutely bar the government from invoking judicial processes to obtain a conviction. United States v. Russell, 411 U.S. 423, 431-32 (1973) (undercover agent's supplying of an essential chemical for the manufacture of methamphetamine was not a due process violation). "This is conduct that shocks the conscience." Rochin v. California, 342 U.S. 165, 172 (1952) (illegal entry, struggle to obtain capsules defendant swallowed, and forced stomach pumping constituted a due process violation); see Olmstead v. United States, 277 U.S. 438, 468 (1928) (courts do not have the discretion to exclude evidence unethically secured); United States v. McClelland, 72 F.3d 717, 721 (9th Cir. 1995) ("For a due process dismissal, the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice."); Roberts v. Maine, 48 F.3d 1287, 1291 (1st Cir. 1995) ("The Due Process Clause of the Constitution prohibits deprivations of life, liberty, or property without 'fundamental fairness' through governmental conduct that offends the community's sense of justice, decency and fair play."); Huguez v. United States, 406 F.2d 366, 381-82 (9th Cir. 1968) (forced drinking of an emetic and forced rectal exam "conducted violently, unhygienically, without medical propriety and with laughter and jokes" constituted a due process violation); State v. Stade, 683 A.2d 164, 166 (Me. 1996) (admission of blood alcohol test would be fundamentally unfair because the officer failed to read an implied consent form and provided false information to defendant.)

1.    Michelle Gadson

There is no evidence on this record to support defendant's claim that the video on Ms. Gadson's phone was erased while she was in police custody. (Mot. Dism. ¶ 6.) Further, there is

6

no evidence that the officers' actions with regard to Ms. Gadson were "so offensive as to shock the conscience." (Mot. Dism. ¶ 7.)

2. Isaiah Gadson

The court does not conclude that the officers were "completely out of control" or that their conduct was "so offensive as to shock the conscience," as Mr. Gadson alleges. (Mot. Dism. ¶¶ 5, 7.) This was a volatile situation on a dark July 4th evening. The police were outnumbered by people still unhappy about an incident that occurred earlier in the evening. As Mr. Gadson and other civilians approached Sergeant Noyes as he attempted to arrest Ms. Gadson, the officers intervened and a struggle ensued until they gained control of Mr. Gadson. See 17-A M.R.S. § 107(1) (2016).

The entry is:

The Defendants' Motions to Dismiss are DENIED.

Date: May 16, 2017

Nancy Mills
Justice, Superior Court

STATE OF MAINE
vs
MICHELLE GADSON
47 ELM STREET APT 1
WATERVILLE ME 04901

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2016-03882

**DOCKET RECORD**

DOB: 02/04/1973
Attorney:     LEONARD SHARON                          State's Attorney:     STEPHANIE ANDERSON
              ANDRUCKI & KING
              PO BOX 7120
              179 LISBON STREET
              LEWISTON ME 04243
              RETAINED 08/12/2016

**Charge(s)**

1   DISORDERLY CONDUCT, LOUD UNREASONABLE NOISE              07/04/2016      PORTLAND
Seq 11251          17-A   501-A(1)(A)(1)          Class E
NOYES                                   /   POR
2   OBSTRUCTING GOVERNMENT ADMINISTRATION                    07/04/2016      PORTLAND
Seq 10902          17-A   751(1)               Class D       Charged with COMPLAINT on Supplemental Filing.
NOYES                                   /   POR

**Docket Events:**

07/06/2016 FILING DOCUMENT - CASH BAIL BOND FILED ON 07/05/2016


07/06/2016 Charge(s):  1
          HEARING - ARRAIGNMENT SCHEDULE OTHER COURT ON 08/25/2016 at 08:30 a.m. in Room No. 1


          PORSC
07/06/2016 BAIL BOND - $200.00 CASH BAIL BOND FILED ON 07/05/2016


          Bail Receipt Type:  CR
          Bail Amt:  $200
          Receipt Type:  CK
          Date Bailed:  07/05/2016        Prvdr Name:   TYLER  ROSS
                                          Rtrn Name:    TYLER  ROSS
          409                             3RD PARTY DOB 7-23-94
07/11/2016 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 07/11/2016


          STATE TAKES NO POSITION
07/12/2016 MOTION - MOTION TO AMEND BAIL GRANTED ON 07/12/2016
          ROLAND A COLE , JUSTICE
          COPY TO PARTIES/COUNSEL                                              VACATE TEH
          REQUEST OF "NOT TO BE WITHIN 200 FEET OF 132 MARGIANL WAY".
08/12/2016 Charge(s):  1,2
          SUPPLEMENTAL FILING - COMPLAINT FILED ON 08/02/2016


08/12/2016 Party(s):    MICHELLE GADSON
          ATTORNEY - RETAINED ENTERED ON 08/12/2016


          Attorney: LEONARD SHARON
08/26/2016 Charge(s):  1
          HEARING - ARRAIGNMENT WAIVED ON 08/25/2016 at 08:30 a.m. in Room No. 1


08/26/2016 Charge(s):  1,2
          PLEA - NOT GUILTY ENTERED BY COUNSEL ON 08/25/2016 at 08:30 a.m. in Room No. 1


08/26/2016 Charge(s):  1,2

HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/16/2016 at 01:00 p.m. in Room No. 7

08/26/2016 Charge(s): 1,2
TRIAL - JURY TRIAL SCHEDULED FOR 01/09/2017 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
11/01/2016 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 11/01/2016

11/08/2016 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 11/16/2016 at 01:00 p.m. in Room No. 7

CERTIFIED COPY TO SHERIFF DEPT.                                                  SHOULD BE
FOR 16-3884 ISAIAH GADSON
11/14/2016 WRIT - HABEAS CORPUS TO PROSECUTE ORDERED ON 11/08/2016
PAUL A FRITZSCHE , JUSTICE
11/16/2016 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE CONTINUED ON 11/16/2016
LANCE WALKER , JUDGE
Attorney: LEONARD SHARON
FTR 7
11/16/2016 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 12/07/2016 at 08:30 a.m. in Room No. 7

11/21/2016 HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 11/21/2016

12/07/2016 HEARING - DISPOSITIONAL CONFERENCE HELD ON 12/07/2016
LANCE WALKER , JUSTICE
Attorney: LEONARD SHARON
DA: JULIA SHERIDAN
CONF HELD,                                   CASE UNRESOLVED. ON FOR JURY SELECTION 3-13
12/07/2016 Charge(s): 1,2
TRIAL - JURY TRIAL CONTINUED ON 12/07/2016

12/07/2016 Charge(s): 1,2
TRIAL - JURY TRIAL SCHEDULED FOR 03/13/2017 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
12/07/2016 Charge(s): 1,2
TRIAL - JURY TRIAL NOTICE SENT ON 12/07/2016

GIVEN IN HAND
01/25/2017 Charge(s): 1,2
MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 01/25/2017

Attorney: LEONARD SHARON
01/25/2017 Charge(s): 1,2
HEARING - MOTION TO DISMISS SCHEDULED FOR 02/28/2017 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
01/25/2017 Charge(s): 1,2
HEARING - MOTION TO DISMISS NOTICE SENT ON 01/25/2017

02/27/2017 Charge(s): 1,2

MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 02/24/2017

Attorney: LEONARD SHARON
MOTION TO CONTINUE HEARING ON 2-28. STATE OBJECTS

02/27/2017 Charge(s): 1,2
MOTION - MOTION TO CONTINUE DENIED ON 02/27/2017

PAUL A FRITZSCHE , JUSTICE
COPY TO PARTIES/COUNSEL                    THE MATTER IN A RELATED CASE WAS ALSO DENIED

02/27/2017 Charge(s): 1,2
MOTION - MOTION TO CONTINUE GRANTED ON 02/27/2017

PAUL A FRITZSCHE , JUSTICE
COPY TO PARTIES/COUNSEL                                        FURTHER
ORDER

02/27/2017 Charge(s): 1,2
HEARING - MOTION TO DISMISS CONTINUED ON 02/27/2017

PAUL A FRITZSCHE , JUSTICE

02/27/2017 Charge(s): 1,2
TRIAL - JURY TRIAL NOT HELD ON 02/27/2017


02/27/2017 HEARING - MOTION TO DISMISS SCHEDULED FOR 03/16/2017 at 01:00 p.m. in Room No. 1


NOTICE TO PARTIES/COUNSEL

02/27/2017 HEARING - MOTION TO DISMISS NOTICE SENT ON 02/27/2017


03/17/2017 HEARING - MOTION TO DISMISS HELD ON 03/16/2017 at 02:00 p.m. in Room No. 11
NANCY MILLS , JUSTICE
Attorney: LEONARD SHARON
DA: DEBORAH CHMIELEWSKI
Defendant Present in Court
FTR 11                              DEFENDANT'S TESTIMONY BEGINS. DEFENSE RESTS. STATE'S
TESTIMONY BEGINS. STATE OFFERS EX 1-14, ADMITTED WITHOUT OBJECTION. STATE RESTS. CASE
CONTINUED TO 3/24/17 @ 8:30 FOR DEFENDANT TO SUBPOENA ADDITIONAL VIDEO.

03/17/2017 Charge(s): 1,2
HEARING - MOTION TO DISMISS SCHEDULED FOR 03/24/2017 at 08:30 a.m.


NOTICE TO PARTIES/COUNSEL

03/17/2017 Charge(s): 1,2
HEARING - MOTION TO DISMISS NOTICE SENT ON 03/17/2017

JIM PAUL TURCOTTE , ASSISTANT CLERK

03/24/2017 Charge(s): 1,2
HEARING - MOTION TO DISMISS HELD ON 03/24/2017

PAUL A FRITZSCHE , JUSTICE
Attorney: LEONARD SHARON
DA: JULIA SHERIDAN
ALSO ADA D CHMIELEWSKI              FTR 9                          BRIEFS TO BE
SUBMITTED BY 4-3-17

03/24/2017 CASE STATUS - CASE FILE LOCATION ON 03/24/2017


CASE FILE IS ON DEB COOK'S DESK WAITING FOR BRIEFS FROM ATTORNEYS

04/03/2017 OTHER FILING - OTHER DOCUMENT FILED ON 04/03/2017


DA: JULIA SHERIDAN

STATE'S POST-HEARING MEMORANDUM
04/04/2017  OTHER FILING -  MEMORANDUM OF LAW FILED ON 04/03/2017

Attorney: LEONARD SHARON
04/24/2017  CASE STATUS -  CASE FILE RETURNED ON 04/04/2017

04/24/2017  CASE STATUS -  CASE FILE LOCATION ON 04/24/2017

IN JUSTICE MILLS' CHAMBERS
05/17/2017  CASE STATUS -  CASE FILE RETURNED ON 05/17/2017
JIM  PAUL TURCOTTE , ASSISTANT CLERK
05/17/2017  Charge(s):  1,2
MOTION -  MOTION TO DISMISS DENIED ON 05/17/2017
NANCY  MILLS , JUSTICE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                    Clerk

STATE OF MAINE
vs
ISAIAH GADSON
132 MARGINAL WAY APT 213
PORTLAND ME 04101

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2016-03884

**DOCKET RECORD**

DOB: 05/28/1997
Attorney:    LEONARD SHARON                      State's Attorney:    STEPHANIE ANDERSON
             ANDRUCKI & KING
             PO BOX 7120
             179 LISBON STREET
             LEWISTON ME 04243
             RETAINED 08/10/2016

**Charge(s)**

1    ASSAULT ON AN OFFICER                                  07/04/2016    PORTLAND
Seq 2816          17-A  752-A(1)(A)        Class C

2    REFUSING TO SUBMIT TO ARREST OR DETENT, PHYS FORCE      07/04/2016    PORTLAND
Seq 11512         17-A  751-B(1)(B)        Class D    Charged with COMPLAINT on Supplemental Filing.

3    CARRYING CONCEALED WEAPON                               07/04/2016    PORTLAND
Seq 9775          25    2001-A(1)(B)       Class D    Charged with COMPLAINT on Supplemental Filing.

**Docket Events:**

07/06/2016  FILING DOCUMENT - CASH BAIL BOND FILED ON 07/05/2016

07/06/2016  Charge(s):  1
            HEARING - INITIAL APPEARANCE SCHEDULED FOR 08/25/2016 at 08:30 a.m. in Room No.  1

            NOTICE TO PARTIES/COUNSEL
07/06/2016  BAIL BOND - $2,000.00 CASH BAIL BOND FILED ON 07/05/2016

            Bail Receipt Type:  CR
            Bail Amt:  $2,000
            Receipt Type:  CK
            Date Bailed:  07/05/2016    Prvdr Name:   TYLER  ROSS
                                        Rtrn Name:    TYLER  ROSS
            409                         3RD PARTY DOB 7-23-94
08/01/2016  Charge(s):  1,2,3
            SUPPLEMENTAL FILING - COMPLAINT FILED ON 08/01/2016

08/10/2016  Party(s):   ISAIAH GADSON
            ATTORNEY - RETAINED ENTERED ON 08/10/2016

            Attorney: LEONARD SHARON
08/26/2016  Charge(s):  1
            HEARING - INITIAL APPEARANCE HELD ON 08/25/2016
            LANCE  WALKER , JUSTICE
            Attorney: LEONARD SHARON
            DA:  BRENDAN O'BRIEN
            Defendant Present in Court
            FTR #1
08/26/2016  Charge(s):  1,2,3
            PLEA - NO ANSWER ENTERED BY DEFENDANT ON 08/25/2016

08/26/2016  BAIL BOND - CASH BAIL BOND CONTINUED AS POSTED ON 08/25/2016

LANCE WALKER , JUSTICE

Date Bailed:   07/05/2016

409                                        3RD PARTY DOB 7-23-94

08/26/2016  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/16/2016 at 01:00 p.m. in Room No.  7


08/26/2016  TRIAL - JURY TRIAL SCHEDULED FOR 01/09/2017 at 08:30 a.m. in Room No.  11


NOTICE TO PARTIES/COUNSEL

09/12/2016  Charge(s):  1,2,3

SUPPLEMENTAL FILING - INDICTMENT FILED ON 09/09/2016


09/12/2016  Charge(s):  1,2,3

HEARING - ARRAIGNMENT SCHEDULED FOR 10/06/2016 at 08:30 a.m. in Room No.  1


09/12/2016  Charge(s):  1,2,3

HEARING - ARRAIGNMENT NOTICE SENT ON 09/12/2016


10/06/2016  Charge(s):  1,2,3

HEARING - ARRAIGNMENT CONTINUED ON 10/06/2016


10/06/2016  Charge(s):  1,2,3

HEARING - ARRAIGNMENT SCHEDULED FOR 10/12/2016 at 01:00 p.m. in Room No.  1


10/06/2016  WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 10/06/2016


CERTIFIED COPY TO SHERIFF DEPT.

10/06/2016  MOTION - MOTION TO REVOKE BAIL FILED BY STATE ON 10/03/2016


10/12/2016  Charge(s):  1,2,3

HEARING - ARRAIGNMENT HELD ON 10/12/2016

JED FRENCH , JUDGE

Attorney: LEONARD SHARON

DA: MEGHAN CONNELLY

Defendant Present in Court

DEFENDANT INFORMED OF CHARGES.                          FTR 1

10/12/2016  Charge(s):  1,2,3

PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 10/12/2016


10/12/2016  BAIL BOND - NO BAIL ALLOWED SET BY COURT ON 10/12/2016


10/12/2016  HEARING - MOTION TO REVOKE BAIL SCHEDULED FOR 11/08/2016 at 01:00 p.m. in Room No.  1


NOTICE TO PARTIES/COUNSEL

10/17/2016  HEARING - MOTION TO REVOKE BAIL NOTICE SENT ON 10/17/2016


11/01/2016  HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 11/01/2016


11/02/2016  MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 11/02/2016


TO CONTINUE MOTION HEARING 11-8-16. STATE'S POSITION UNKNOWN.

11/04/2016  MOTION - MOTION TO CONTINUE GRANTED ON 11/04/2016

LANCE WALKER , JUSTICE

COPY TO PARTIES/COUNSEL
11/04/2016  HEARING - MOTION TO REVOKE BAIL CONTINUED ON 11/04/2016

LANCE WALKER , JUSTICE
11/08/2016  LETTER - FROM PARTY FILED ON 11/07/2016


LETTER FROM ATTORNEY REQUESTING A WRIT FOR HEARING 11-16-16.
11/16/2016  WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 12/07/2016 at 08:30 a.m. in Room No. 7


CERTIFIED COPY TO SHERIFF DEPT.
11/17/2016  HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 12/07/2016 at 08:30 a.m. in Room No. 7


11/17/2016  HEARING - DISPOSITIONAL CONFERENCE CONTINUED ON 11/16/2016

LANCE WALKER , JUDGE
Attorney: LEONARD SHARON
CASE CONTINUED. WRIT NEEDED. FTR 7
12/05/2016  LETTER - FROM PARTY FILED ON 12/05/2016


Attorney: LEONARD SHARON
LETTER INFORMING COURT THAT THE DEFENDANT IS IN CUSTODY AT THE ANDROSCOGGIN COUNTY JAIL
12/07/2016  HEARING - DISPOSITIONAL CONFERENCE HELD ON 12/07/2016

LANCE WALKER , JUSTICE
Attorney: LEONARD SHARON
DA: DEBORAH CHMIELEWSKI
CONF HELD,                                    CASE UNRESOLVED. ON FOR JURY SELECTION 3-13
12/07/2016  TRIAL - JURY TRIAL CONTINUED ON 12/07/2016


12/07/2016  Charge(s): 1,2,3
TRIAL - JURY TRIAL SCHEDULED FOR 03/13/2017 at 08:30 a.m. in Room No. 11


NOTICE TO PARTIES/COUNSEL
12/07/2016  WRIT - HABEAS CORPUS TO PROSECUTE REMANDED ON 12/07/2016

LANCE WALKER , JUSTICE
12/07/2016  Charge(s): 1,2,3
TRIAL - JURY TRIAL NOTICE SENT ON 12/07/2016


12/08/2016  WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 12/08/2016


CERTIFIED COPY TO SHERIFF DEPT.
12/08/2016  WRIT - HABEAS CORPUS TO PROSECUTE ORDERED ON 12/08/2016

ROLAND A COLE , JUSTICE
01/25/2017  Charge(s): 1,2,3
MOTION - OTHER MOTION FILED BY DEFENDANT ON 01/25/2017


Attorney: LEONARD SHARON
MOTION FOR PREPARATION OF REPORT ON INJURIES
01/25/2017  HEARING - OTHER MOTION SCHEDULED FOR 02/28/2017 at 01:00 p.m. in Room No. 1


MOTION FOR PREPARATION OF REPORT ON INJURIES
01/25/2017  HEARING - OTHER MOTION NOTICE SENT ON 01/25/2017


MOTION FOR PREPARATION OF REPORT ON INJURIES
01/25/2017  MOTION - MOTION TO DISMISS FILED BY DEFENDANT ON 01/25/2017

Attorney:  LEONARD SHARON
01/25/2017  HEARING -  MOTION TO DISMISS SCHEDULED FOR 02/28/2017 at 01:00 p.m. in Room No.  1

NOTICE  TO PARTIES/COUNSEL
01/25/2017  HEARING -  MOTION TO DISMISS NOTICE SENT ON 01/25/2017

01/25/2017  WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 01/25/2017

CERTIFIED COPY TO SHERIFF DEPT.
01/26/2017  WRIT -  HABEAS CORPUS TO PROSECUTE ORDERED ON 01/26/2017
ROLAND A COLE , JUSTICE
02/27/2017  Charge(s):  1,2,3
MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 02/24/2017

Attorney:  LEONARD SHARON
MOTION TO CONTINUE HEARING ON 2-28. STATE DOES OBJECT
02/27/2017  Charge(s):  1,2,3
MOTION -  MOTION TO CONTINUE DENIED ON 02/27/2017
PAUL A FRITZSCHE , JUSTICE
COPY TO PARTIES/COUNSEL                    THE CASE IS NEARLY 8 MONTHS OLD AND THE
DEFENDANT IS IN CUSTODY. THE MOTION WAS ALSO JUST FILED
02/27/2017  Charge(s):  1,2,3
MOTION -  MOTION TO CONTINUE GRANTED ON 02/24/2017
PAUL A FRITZSCHE , JUSTICE
COPY TO PARTIES/COUNSEL
02/27/2017  HEARING -  MOTION TO DISMISS CONTINUED ON 02/27/2017
PAUL A FRITZSCHE , JUSTICE
02/27/2017  HEARING -  OTHER MOTION CONTINUED ON 02/27/2017
PAUL A FRITZSCHE , JUSTICE
MOTION FOR PREPARATION OF REPORT ON INJURIES
02/27/2017  Charge(s):  1,2,3
TRIAL -  JURY TRIAL NOT HELD ON 02/27/2017

02/27/2017  HEARING -  MOTION TO DISMISS SCHEDULED FOR 03/16/2017 at 01:00 p.m. in Room No.  1

NOTICE  TO PARTIES/COUNSEL
02/27/2017  HEARING -  MOTION TO DISMISS NOTICE SENT ON 02/27/2017

02/28/2017  WRIT -  HABEAS CORPUS TO PROSECUTE ISSUED ON 02/28/2017

CERTIFIED COPY TO SHERIFF DEPT.
02/28/2017  WRIT -  HABEAS CORPUS TO PROSECUTE ORDERED ON 02/28/2017
PAUL A FRITZSCHE , JUSTICE
03/06/2017  LETTER -  FROM PARTY FILED ON 03/06/2017

Attorney:  LEONARD SHARON
FROM ATTORNEY RE: WRIT
03/17/2017  HEARING -  MOTION TO DISMISS HELD ON 03/16/2017 at 02:00 p.m. in Room No.  11
NANCY  MILLS , JUSTICE
Attorney:  LEONARD SHARON
DA:  DEBORAH CHMIELEWSKI

Defendant Present in Court

FTR 11                                    DEFENDANT'S TESTIMONY BEGINS. DEFENSE RESTS. STATE'S
TESTIMONY BEGINS. STATE OFFERS EX 1-14, ADMITTED WITHOUT OBJECTION. STATE RESTS. HEARING
CONTINUED TO 3/24/17 @ 8:30 FOR DEFENDANT TO SUBPOENA FINAL VIDEO EVIDENCE.

03/17/2017 Charge(s): 1,2,3

HEARING - MOTION TO DISMISS SCHEDULED FOR 03/24/2017 at 08:30 a.m.


NOTICE TO PARTIES/COUNSEL

03/17/2017 Charge(s): 1,2,3

HEARING - MOTION TO DISMISS NOTICE SENT ON 03/17/2017

JIM PAUL TURCOTTE , ASSISTANT CLERK

03/24/2017 Charge(s): 1,2,3

HEARING - MOTION TO DISMISS HELD ON 03/24/2017

PAUL A FRITZSCHE , JUSTICE

Attorney: LEONARD SHARON

DA: JULIA SHERIDAN

FTR 9                               ALSO ADA D CHMIELEWSKI                    BRIEFS TO BE
FILED BY 4-3-17

03/24/2017 CASE STATUS - CASE FILE LOCATION ON 03/24/2017


CASE IS ON DEB COOK'S DESK WAITING FOR BRIEFS FROM ATTORNEYS

04/03/2017 OTHER FILING - OTHER DOCUMENT FILED ON 04/03/2017


DA: DEBORAH CHMIELEWSKI

STATE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

04/04/2017 OTHER FILING - MEMORANDUM OF LAW FILED ON 04/03/2017


Attorney: LEONARD SHARON

04/24/2017 CASE STATUS - CASE FILE RETURNED ON 04/04/2017


04/24/2017 CASE STATUS - CASE FILE LOCATION ON 04/24/2017


CASE IS IN JUSTICE MILLS' CHAMBERS

05/17/2017 CASE STATUS - CASE FILE RETURNED ON 05/17/2017


05/17/2017 MOTION - MOTION TO DISMISS DENIED ON 05/17/2017

NANCY MILLS , JUSTICE

COPY TO PARTIES/COUNSEL


A TRUE COPY

ATTEST: _____
                    Clerk